**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Maurice Lorenzo Jeffcoat, | ) | |
| | ) | Civil Action No.: 9:21-cv-03507-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Kristin Graziano, Detention Center | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Maurice Lorenzo Jeffcoat, proceeding *pro se* and *in forma pauperis*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In her Report and Recommendation (ECF No. 9), the Magistrate Judge recommended the court dismiss this Petition on *Younger* abstention grounds (*id*. at 3-6), and in the alternative, because Petitioner failed to bring the Petition into proper form by paying the required five-dollar filing fee or a motion to proceed *in forma pauperis* (*id*. at 6).  For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 9) and **DENIES** Petitioners' original and Amended Habeas Petitions (ECF Nos. 1 & 14).   Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 13) and Motion to Appoint Counsel (ECF No. 12) are **DENIED** as moot.

The Magistrate Judge explained that under the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and clarified by the Fourth Circuit in *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994), a federal court should not interfere with pending state criminal proceedings if "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  (ECF No. 9 at 4.)  The Magistrate Judge concluded that this Petition satisfies each element of this test, such that "federal *habeas* relief is available under §

1

2241 only if 'special circumstances' justify the provision of federal review." (*Id*. at 5.) Because Petitioner's stated grounds for relief each challenged the insufficiency of the State's evidence against him, he could pursue his claims in state court during the trial and on direct and post-conviction review. (*Id*.) Thus, the Report determined Petitioner had not pointed to "special circumstances" justifying federal court intervention in his pending criminal case. (*Id*.)

Petitioner has since filed a Motion to Proceed *In Forma Pauperis* (ECF No. 13), a Motion to Appoint Counsel (ECF No. 12), and an Amended Petition for Writ of Habeas Corpus pursuant to § 2241 (ECF No. 14). Upon review, Petitioner's amended grounds for relief again emphasize the insufficiency of evidence against him, alleging, for instance, that the fingerprints at the crime scene did not match his (*id*. at 6), that a different person was captured in the store security footage (*id*.), that the victim's statement was not credible (*id*.), and that no firearm had been found in his possession despite his charge for possessing a weapon during a violent crime (*id*. at 7). Insufficiency of the evidence is an ordinary defense in any criminal case, and, as the Magistrate Judge explains, Petitioner is entitled to present this evidence during the state court proceedings to cast reasonable doubt on the State's case against him. (ECF No. 9 at 5; *see also Askins v. Dir. of Florence Cnty. Det. Ctr.*, No. CV 9:20-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *report and recommendation adopted,* No. 9:20-CV-02846-DCC, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) ("[W]here a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown.").

Petitioner raises a new issue in his third ground for relief, asserting that his right to a speedy trial has been violated because he remains incarcerated, awaiting trial, since 2019. (ECF No. 14 at 6.) This contention also does not rise to the level of an "extraordinary circumstance" warranting the intervention of a federal *habeas* court. Because "Petitioner can raise any claims regarding his

right to a speedy trial both during trial and on direct appeal," *Younger* applies in full force and "this court is bound [] to abstain from granting Petitioner the relief he requests." *Brown v. Dir. of Florence Cnty. Det. Ctr.*, No. 2:20-CV-02951-JD-MGB, 2021 WL 6139411, at *3 (D.S.C. Oct. 5, 2021), *report and recommendation adopted*, No. 2:20-CV-02951-JD-MGB, 2021 WL 6137483 (D.S.C. Dec. 29, 2021); *Victoria v. Bodiford*, No. 8:21-CV-01836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021).

Accordingly, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 9) and **DENIES** Petitioners' original and Amended Habeas Petitions (ECF Nos. 1 & 14).   Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 13) and Motion to Appoint Counsel (ECF No. 12) are **DENIED** as moot.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 19, 2022
Columbia, South Carolina